**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN HARRY STEELE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. A. NO. 26-00210-JB-N** |
| | ) | |
| **HON. C. ROBERT MONTGOMERY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff John Harry Steele ("Steele" or "Plaintiff") filed this action under 42 U.S.C. § 1983, without the assistance of an attorney. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Because Steele is a prisoner who is suing government officials, his complaint is due to be screened or reviewed under 28 U.S.C. § 1915A. For the reasons stated in this report, the complaint is due to be dismissed without prejudice prior to service.

## I. Standard of Review.

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A requires that any complaint filed by a prisoner against a government official or employee shall and will be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b)(1), (2). Dismissal for these causes is mandatory rather

than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint . . . .").

A claim is frivolous under § 1915A(b)(1) "when it appears the plaintiff 'has little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," or when its "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim is frivolous as a matter of law if it is clear the defendant is immune from suit, *id*., if the plaintiff claims infringement of a legal right that clearly does not exist, *id*., or if an affirmative defense, such as a statute of limitations, would defeat the claim. *Clark v. Ga. Pardons & Paroles Bd*., 915 F.2d 636, 640 & n.2 (11th Cir. 1990).

A complaint may be dismissed for failure to state a claim upon which relief may be granted when it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (internal quotation marks omitted). This means a complaint must have sufficient factual allegations that "raise a right to relief above the speculative level" and the allegations must "show[] that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

In reviewing the complaint, the Court "accepts the complaint's factual allegations as true[.]" *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021).

## II. Discussion

Steele's complaint allegations are rooted in an evidentiary hearing associated with his 2020 criminal trial and conviction. According to Steele, after five years of rescheduled hearings, multiple appointments of counsel, and various missed court appearances, he was granted a

hearing before Circuit Court Judge Montgomery of the First Judicial Circuit of Alabama. At this June 6, 2025 hearing, Steele's attorney argued that Steele was arrested pursuant to an unlawful warrant due to perjured testimony proffered by the sheriff who arrested Steele, negating probable cause for the arrest. The State challenged that the argument was moot after the issuance of an indictment. Steele disagreed and claimed without the perjured statement(s) of the sheriff, he would not have been indicted. He insists his conviction and sentence are based on "fruits of the poisoned tree." (Doc. 1 at 8). Steele's motion for post-conviction discovery was denied by Judge Montgomery on June 6, 2025, with Judge Montgomery explaining that Steele failed to carry his burden of "proving good cause" and alleging facts that would entitle him to relief if such facts were proven." (Doc. 1-3 at 3). Steele claims in his § 1983 complaint that Judge Montgomery violated his due process rights and equal protection under the law when he denied Steele's motion for post-conviction discovery on June 6, 2025, and he seeks monetary damages against Judge Montgomery and asks that the Court appoint a federal prosecutor to bring charges against Judge Montgomery and Sheriff Abate for violation of 18 U.S.C. § 242.

"[T]o establish a claim under 42 U.S.C. § 1983, [a plaintiff] must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under the color of state law." *Martinez v. Burns*, 459 F. App'x 849, 850-851 (11th Cir. 2012) (citing *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005)). Steele, however, has named a single defendant in this action, Judge Montgomery. And Judge Montgomery, as explained below, is not suable under § 1983 for actions taken in his capacity as a judge. Additionally, Steele has failed to state a constitutional claim and seeks, in part, relief that cannot be granted under § 1983.

**A. Judicial Immunity**

It is well established that judges acting in their judicial capacity are absolutely immune from suit for damages for acts taken in their judicial capacity unless they act in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quotation marks and citation omitted); *see also Stevens v. Osuna*, 877 F.3d 1293, 1304 (11th Cir. 2017). This immunity applies even to acts that are erroneous, malicious, or in excess of jurisdiction. *Id.* at 356-57. In determining whether a judge was acting within his judicial capacity, courts in this circuit are to examine (1) whether the complained of act "constituted a normal judicial function;" (2) whether the complained of act occurred in the judge's chambers or open court; (3) whether the complained of act involved a case pending before the judge; and (4) whether the complained of act arose directly out of a visit or interaction with the judge in his judicial capacity. *William B. Cashion Nev. Spendthrift Tr. V. Vance*, 552 F. App'x 884, 886 (11th Cir. 2014). Judges are also protected from declaratory and injunctive relief. *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. In addition, there must also be an 'absence of an adequate remedy at law.'" *Id.* (citing 42 U.S.C. § 1983; quoting *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)). Notably, "[a] state appellate process is an adequate remedy at law." *Id.* (*citing Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam)).

It appears from the complaint that Steele seeks monetary relief from Judge Montgomery. To the extent he seeks declaratory or injunctive relief, however, there are no allegations or facts to support that the defendant judge violated a declaratory decree. And Steele had the ability to appeal his challenged decision(s) to an appropriate higher court, meaning he was provided an adequate remedy at law to challenge the denial of his motion for post-conviction discovery. *See*

*id.* Accordingly, because the conduct alleged in the complaint – denial of his discovery motion – is clearly a judicial function (falling squarely within the Eleventh Circuit's four factor judicial capacity test), Judge Montgomery has absolute immunity for monetary relief, as well as potential declaratory and injunctive relief. Because judicial immunity is an affirmative defense to suit, *Stump*, 435 U.S. at 356-57, judicial immunity defeats Steele's claims. Thus, his claims against Judge Montgomery are due to be dismissed as frivolous under § 1915(e)(2)(B)(i). *See Pugh v. Balish*, 564 F. App'x 1010, 1011–13 (11th Cir. 2014) ("Where a judge is immune from suit, an action against the judge may be subject to dismissal on frivolity grounds, as the action is completely without a legal basis").

Accordingly, Steele's claims against Judge Montgomery are frivolous and should be dismissed pursuant to 28 U.S.C. § 1915A.

**B. Fourteenth Amendment**

Steele alleges that his due process and equal protection rights under the Fourteenth Amendment of the Constitution were violated. The Fourteenth Amendment provides, in part, that no state shall "deprive any person of life, liberty, or property without due process of the law." U.S. Const. amend. XIV. For procedural due process claims, as Steele appears to assert, there is a two-step analysis: first, "whether there exists a liberty or property interest of which a person has been deprived," and second, if a liberty interest exists, "whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *see also Schultz v. Alabama*, 42 F.th 1298, 1332 (11th Cir. 2022). Here, because Steele acknowledges his numerous notices of a hearing, his repeated attorney appointments, that he had a hearing on the discovery motion at issue on June 5, 2026, and that he was represented by counsel at the hearing who presented Steele's argument(s) to Judge Montgomery, Steele has

failed to demonstrate that he has not be afforded the minimum procedural safeguards provided by the Fourteenth Amendment.

Additionally, to state an equal protection claim, he must establish "(1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray,* 279 F.3d 944, 946–47 (11th Cir.2001) (quoting *Damiano v. Florida. Parole & Prob. Comm'n,* 785 F.2d 929, 932–33 (11th Cir.1986)). Steele has not provided any such facts that would support a claim for the denial of equal protection.

Accordingly, Steele has failed to state a claim under the Fourteenth Amendment upon which relief may be granted, and this claim is due to be dismissed pursuant to 28 U.S.C. § 1915A.

**C. Potential Claims Asserted Based on the Complaint Allegations**

While Steele's complaint focuses on the denial of his post-conviction discovery motion, the motion (based on the allegations and documents provided by Steele) reflects that he wants access to records that prove Sheriff Abate willfully lied to obtain the arrest warrant that led to his criminal conviction and current sentence. (*See* Doc. 1 at 8-9). Going behind the labels Steele specified in the complaint and to the extent Steele attempts to assert a malicious prosecution claim, his claim fails.

To prove a § 1983 malicious prosecution claim, the plaintiff must show, amongst other things, that the criminal prosecution against him terminated in his favor. *See Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). Plaintiff has not done this. Malicious prosecution under § 1983 is established by proving: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff

accused's favor; and (4) caused damage to the plaintiff accused." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (citation omitted). Because Plaintiff has provided no evidence that the criminal prosecution against him has terminated in his favor, he cannot bring a malicious prosecution claim. *Laskar v. Hurd*, 972 F.3d 1278, 1285-95 (11th Cir. 2020). Thus, in the absence of information showing that Steele's conviction has been invalidated, any claim for malicious prosecution would fail to state a claim upon which relief can be granted and would be dismissed pursuant to 28 U.S.C. § 1915A. *Heck v. Humphrey,* 512 U.S. 477, 484, 489 (1994) (like a common-law claim for malicious prosecution that requires the accused prove the termination of criminal proceedings in his favor, a § 1983 claim for malicious prosecution also requires as an essential element that the plaintiff prove the termination of criminal proceedings in his favor or a § 1983 cause of action does not exist).

Likewise, to the extent Steele alleges Sheriff Abate (who is not named as a defendant but Steele requests to have criminal charges brought against), conspired to have him arrested, charged, and convicted, his claim fails. "A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010). This requires showing, at a minimum, "an agreement between two or more people (at least one of whom is a state actor) to violate [the plaintiff's] constitutional rights." *Am. Fed'n Lab. & Cong. Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1191 (11th Cir. 2011). Such an agreement may be shown with circumstantial evidence. *Id.* Here, Steele has failed to sufficiently plead a due process violation or any constitutional violation, nor can the Court can find one. *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008). And the complaint is void of facts that suggest an agreement between Sheriff Abate and any state actor to unconstitutionally arrest

and convict him. Accordingly, to the extent Steele raises a conspiracy claim, it is due to be dismissed pursuant to 28 U.S.C. § 1915A.

**D. Unavailable Relief**

Steele requests that a federal prosecutor be appointed to investigate or bring criminal charges against Judge Montgomery and Sheriff Abate. This relief is unavailable under § 1983. *See, e.g., Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973) (citations omitted) ("[F]ederal courts have traditionally and . . . uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made."). Steele, as a private citizen, does not have "the right to compel a State to enforce its laws" or prosecute crimes. *Diamond v. Charles.* 476 U.S. 54, 65 (1986). "Section 1983 . . . actions are available to seek damages and injunctive relief. They are not avenues for private citizens to bring criminal charges." *Banks v. Gillie*, No. 03-3098, 2004 WL 5807334, at *7 (E.D. La. Feb. 26, 2004). Steele cannot use this § 1983 suit to initiate criminal charges or require others to initiate criminal charges against defendants.

**III. Leave to Amend.**

Generally, a party may amend his pleading once as a matter of course within twenty-one days after serving it or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Therefore, a prisoner usually must be given an opportunity to amend his complaint. *Dollar v. Coweta Cty. Sheriff Off.*, 446 F. App'x 248, 250 (11th Cir. 2011) (per curiam). However, if amendment would be futile, a court may deny leave to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately

subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). Such is the case here.

Because Steele's complaint allegations rest solely on a court order entered by Judge Montgomery as part of a post-conviction proceeding, his actions are immune from suit under § 1983. For this reason, amendment would be futile. Steele has not presented allegations that insinuate acts taken outside of Judge Montgomery's judicial capacity. Therefore, any attempt to amend would be futile and Steele should not be granted leave to amend.

## IV. Conclusion.

For the foregoing reasons, it is **RECOMMENDED** that the claims against Defendant Judge Montgomery be **DISMISSED without prejudice** prior to service pursuant to 28 U.S.C. § 1915A(b)(1) and this this action be **DISMISSED without prejudice** in its entirety.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **18th** day of **September**, **2026**.

/s/ *KATHERINE P. NELSON*
**UNITED STATES MAGISTRATE JUDGE**